JOHN B. FINCH, PLAINTIFF IN ERROR, V. VICTOR VIF-QUAIN, AND F. O. MARKS, DEFENDANT IN ERROR.

Libel: WORDS ACTIONABLE PER SE.    The plaintiff was occupying the position of Grand Worthy Chief Templar in a temperance organization in this state, and also that of secretary of the State Temperance Alliance, and constantly engaged in the duties connected therewith.    The defendants, as the petition alleged, falsely and maliciously published of him that he was "a seducer of innocent girls," and instanced an attempt on his part to debauch and ruin a young school girl, who at the time was a member of his own household.    Also, that he "was an arch hypocrite and scoundrel who was simply using his talents for money-making purposes, and not through any sincerity in the cause in which he is laboring."    *Held*, that each of these charges is *per se* actionable.

ERROR from the district court for Lancaster county. Heard below by POUND, J.

*Mason & Whedon*, for plaintiff in error, contending that the article is libelous *per se*, being printed and

published, and hence special damages need not be averred, cited *Rarr v. Moore,* 87 Pa. St., 385. *Tryon v. Evening News Assn.,* 39 Mich., 636. *Tillson v. Robbins,* 68 Me., 295. Holt's Law of Libel, 218–223. *Steele v. Southwick,* 1 Am. Lead. Cases, 123. *Whitney v. Janesville Gazette,* 5 Biss., 330. *Dexter v. Spear,* 4 Mason, 115. *Melton v. State,* 3 Humph., 389. *Colby v. Reynolds,* 6 Vt., 489. *Mayrant v. Richardson,* 1 Nott & M., 210. *Shelton v. Nance,* 7 B. Mon., 128. *Stow v. Converse,* 4 Conn., 17. *Clark v. Binney,* 2 Pick., 113.

*Marquett, Deweese & Hall,* for defendants in error, cited *Bisbee v. Shaw,* 12 N. Y., 67. *Heilman v. Shanklin,* 60 Ind., 425. *Wilson v. Fitch,* 41 Cal., 363. Townsend on Slander, sec. 182. *Strauss v. Meyer,* 48 Ills., 385. *Cook v. Cook,* 100 Mass., 194. *Hollingsworth v. Shaw,* 19 Ohio St., 430. *More v. Bennett,* 48 N. Y., 475. *Geisler v. Brown,* 6 Neb., 254.

LAKE, J.

This is a petition in error to reverse a judgment of the district court for Lancaster county. The judgment in question was in sustaining a general demurrer to a petition in an action for libel, the court holding that the publication complained of was not libelous.

A libel is a malicious defamation of a person expressed otherwise than by words, as by writing, print, figures, signs, or any other symbols. Brown's Law Dictionary, 208. Or, as expressed by Chancellor Kent, it is a malicious publication, expressed either in printing or writing, or by signs or pictures, tending either to injure the memory of one dead, or the reputation of one alive, and expose him to public hatred, contempt, or ridicule. 1 Kent's Com., 629.

The libel here charged was in print, and consisted of an article published by the defendants, in the *Daily*

*State Democrat*, a newspaper owned and controlled by them, and having a general circulation in the community where the plaintiff lived.

That the article so published is within the definitions of libel just given, seems to need no argument to make clear.   That it was false and published maliciously, is conceded until denied by answer.   The petition so alleges, and the demurrer admits the truth of all matters well pleaded.   Of the charges thus made against the plaintiff, the most harmful probably is that of being "a seducer of innocent girls," in immediate connection with which a case is instanced of his attempt to debauch and ruin a young school girl, who, at the time, was a member of his own household.   If this were true of the plaintiff, and generally known by his acquaintances, can any reasonable mind doubt that it would subject him to public hatred and contempt, and lead at once to his social ostracism?

It is alleged in the petition "that for a long time before, and at the time of the committing of the injuries by the said defendants," that the plaintiff had been and still was "Grand Worthy Chief Templar in a temperance organization, in the state of Nebraska, and secretary of the State Temperance Alliance, and constantly engaged in the discharge of his duties connected with these positions."   In view of this calling and occupation of the plaintiff, there is another charge found in the article of but little, if any, less injurious tendency to his reputation than the one first noticed.   This charge is that the plaintiff "was an arch hypocrite and scoundrel, who was simply using his talents for money-making purposes, and not through any sincerity in the cause in which he is laboring."   This charge must have been intended by the publishers to degrade the plaintiff in the estimation of the community, and deprive him of that influence and temporal advantage

which usually result from a sincere and blameless course of life. And it was well calculated to produce this effect among those for whose especial good the great temperance movement, in which the plaintiff occupied an influential position, was organized and is being carried forward. It was equivalent to charging that the confidential and honorable places which he was then intrusted with were gained, not through personal worth, but by means of falsehood and moral dissimulation on his part.

Being clearly of opinion that the publication charged is *per se* actionable, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.